IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| William Scott Sours, | No. CV08-1903-PHX-SRB |
| Petitioner, | **ORDER** |
| vs. |  |
| Ricardo E. Chavez, |  |
| Respondent. |  |

Petitioner filed his Petition for Writ of Habeas Corpus on October 16, 2008, raising one claim for relief. Petitioner argued that the district court improperly delegated to the Bureau of Prisons its duty to order a schedule of restitution payments. Respondent answered and moved to dismiss on December 4, 2008. The Motion to Dismiss was based upon Petitioner's failure to exhaust his administrative remedies before filing his petition. Petitioner filed his traverse on December 12, 2008, and thereafter filed a supplemental traverse. Respondent was given an opportunity to file a supplemental response regarding exhaustion. The supplemental response was filed on June 2, 2009.

On June 17, 2009, the Magistrate Judge issued his Report and Recommendation. On the issue of exhaustion of administrative remedies, the Magistrate Judge found that while Petitioner did not complete the final step in the administrative process that doing so would have been futile. The Magistrate Judge recommended that the motion to dismiss for failure

to exhaust administrative remedies be denied. In making this recommendation, the Report and Recommendation notes that while Petitioner filed his last administrative appeal after the filing of the Petition for Writ of Habeas Corpus, the Bureau of Prisons National Inmate Appeals Administrator responded on the merits of the final appeal denying it on the same basis as the previous denials.

Relying upon *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005), the Magistrate Judge found that, because the district court failed to order a specific schedule for restitution while incarcerated but only ordered that Petitioner pay restitution while incarcerated through the Inmate Financial Responsibility Program, the Bureau of Prisons was without authority to require restitution payments from Petitioner and recommended that the Petition be granted.

Respondent filed his objections to the Report and Recommendation on June 29, 2009, arguing both that the Magistrate Judge erred in concluding that exhaustion would be futile and in determining that there was an improper delegation of authority to the Bureau of Prisons to set the restitution schedule.

In the Report and Recommendation, the Magistrate Judge was quite specific about the factual basis for his determination of futility on the exhaustion issue. In his objections, Respondent merely cites the Court to Bureau of Prisons statistics to support the claim that the final appeal generally is not a futile one and that the Court should require the Petitioner to exhaust his administrative remedies. The objections fail to address the specific facts which support the finding of futility in this case. The Court having deducted its *de novo* review of the record agrees with the Report and Recommendation of the Magistrate Judge that exhaustion in this case would have been futile and that the Motion to Dismiss should be denied.

In *United States v .Gunning,* the defendant was ordered to pay restitution while incarcerated through the Bureau of Prisons Inmate Financial Responsibility Program and while on supervised release in monthly installments not less than 10% of defendant's gross income. *Id* at p. 1147. The Court of Appeals held that an order that restitution be paid during imprisonment through the Bureau of Prisons Inmate Financial Responsibility Program

was a delegation by the trial judge of a non-delegable duty imposed upon the Court by the Mandatory Victims Restitution Act of 1996 which requires the Court to determine "the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C.. § 3664(f)(2). The Court of Appeals held because the judgment had no set schedule "the district court simply does not have the authority to delegate its own scheduling duties, not to the probation office, not to the BOP, not to anyone else." *Gunning* at p. 1150. While the Court does not generally disagree that a prisoner could voluntarily enter into a contract with the Bureau of Prisons to make restitution payments, that is not what occurred here. Rather the Bureau of Prisons imposed a schedule of restitution which it did not have the authority to do. The Court agrees with the Magistrate Judge that without a specific payment scheduling order from the Court the Bureau of Prisons does not have the authority to require a schedule of restitution payments collected while a defendant is participating in the Inmate Financial Responsibility Program.

IT IS ORDERED overruling the objection to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the order of this Court. (Doc. 22).

IT IS FURTHER ORDERED denying Respondent's Motion to Dismiss. (Doc. 15).

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus be granted.

IT IS FURTHER ORDERED that the Bureau of Prisons is ordered to stop collecting restitution payments from Petitioner through the Inmate Financial Responsibility Program.

DATED this 26th day of August, 2009.

_____
Susan R. Bolton
United States District Judge